# U.S. PROBATION OFFICE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

## PETITION FOR SUMMONS FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** Tory Hardwick　　　　　　　**Docket Number:** 1:19-CR-147-001
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　4:12-CR-086-008 (SD/GA)

**Name of Sentencing Judicial Officer:** The Honorable William T. Moore, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge

**Name of Presiding Judicial Officer:** The Honorable Travis R. McDonough
　　　　　　　　　　　　　　　　　　　United States District Judge

**Date of Original Sentence:** November 15, 2013

**Original Offense:**　　Count One:　Wire Fraud Conspiracy
　　　　　　　　　　　　Count Two:　Money Laundering Conspiracy

**Class:** C Felonies　　　　　　　　　　　　　　　　**Criminal History Category:** I

**Original Sentence:** 70 months imprisonment (concurrently), 3 years supervised release (concurrently)

**Modification February 19, 2018:** Reduce monthly restitution payments at a rate of not less than $100.00 per month.

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** September 18, 2017

**Date Supervision Expires:** September 17, 2020

**Assistant U.S. Attorney:** Steve Neff

**Defense Attorney:** Michael Chad Taylor

**Revocation Guideline Range:** 3 - 9 Months (Grade C)　　**Statutory Maximum:** 2 Years
　　　　　　　　　　　******************************************

## PETITIONING THE COURT

The probation officer believes that the offender has violated the following condition(s) of supervision:

PETITION FOR SUMMONS
FOR OFFENDER UNDER SUPERVISION
RE: Tory Hardwick                                                                           Docket
                                       Number: 1:1-CR-147-001

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #2:** The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. |
| 2 | **Standard Condition #3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |
| 3 | **Standard Condition #6:** The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. |
| 4 | **Standard Condition #10:** The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer. |
| 5 | **Standard Condition #11:** The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |
| 6 | **Special Condition:** The defendant shall provide the probation officer with access to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule. |

Mr. Hardwick was sentenced in the Southern District of Georgia (SD/GA). However, his supervision was transferred to the Eastern District of Tennessee (ED/TN). Mr. Hardwick was released to supervision on September 18, 2017. He has had difficulty with maintaining stable employment, making restitution payments, and complying with his conditions of supervision since that time.

During his initial office contact on September 19, 2017, Mr. Hardwick's Judgment and Commitment Order (J&C) was read and explained prior to obtaining his signature. Additionally, Mr. Hardwick was provided a copy of the Order. He was given several blank Monthly Report Forms (MRFs) and instructed to submit, with attached proof of wages, by the 5th of each month.

On October 11, 2017, an unscheduled home contact was attempted. Mr. Hardwick was not home. Written instructions, a Payment Agreement and Financial Statement were left with Mr. Hardwick's mother. Additionally, a voice mail was left on Mr. Hardwick's cell phone with instructions regarding the Payment Agreement and Financial Statement. According to his J&C, Mr. Hardwick was ordered to pay $6,784,634.79 in restitution. Additionally, he was ordered to make payments

in the amount of $400.00 per month upon his release to supervision. Mr. Hardwick was instructed to begin making payments in November, 2017.

Voice mail messages were left on Mr. Hardwick's cell phone on October 13, 2017, and October 16, 2017, instructing him to contact this officer. <u>He failed to contact this officer as instructed</u>.

On October 16, 2017, Mr. Hardwick <u>failed to report for a Code-A-Phone</u> (CAP) randomized drug test. On that same date, another message was left for Mr. Hardwick instructing him to be home for a home contact on October 17, 2017. <u>He was not home as instructed</u>. Contact was made with Mr. Hardwick's mother on October 17, 2017, and she confirmed that he was living there, but she stated she could see how this officer would be suspicious since he is never there. This officer explained that since he works nights, it is expected that he would be home asleep during the times this officer has stopped by. During the contact, Mr. Hardwick's mother called his cell phone. She gave this officer her phone and he was questioned why he was not home. Mr. Hardwick stated he did not get any messages or missed call from this officer. This officer confirmed it was the correct number and explained there should be at least three (3) recent messages. He was instructed to report to the office on October 19, 2017, at 8:00 a.m. Additionally, this officer gave his mother a card with the day, date, and time written on the back. She agreed to give it to Mr. Hardwick.

<u>Mr. Hardwick was late reporting</u> for his non-compliance meeting on October 19, 2017. When questioned why he missed CAP, he stated "I'm irresponsible." He admitted that he had not been calling as instructed. The Staff Training Aimed at Reducing Re-Arrest skill set, *Effective Disapproval* was applied. Additionally, Mr. Hardwick signed a Payment Agreement and was verbally instructed to start making $400.00 a month payments beginning November 1, 2017.

During a home contact on October 28, 2017, Mr. Hardwick was reminded again to make his $400.00 restitution payment. <u>Mr. Hardwick failed to make payments in November and December, 2017.</u> Since jurisdiction was still held in the SD/GA, they were notified on January 21, 2018, of his non-compliance. No action was taken.

Mr. Hardwick <u>failed to submit MRFs for the months of October, November, and December, 2017.</u> On January 19, 2017, a letter was mailed to Mr. Hardwick instructing him to submit his MRFs and attach proof of wages.

During a home contact on January 23, 2018, Mr. Hardwick admitted he was not making his restitution payments. The STARR skill set *Effective Disapproval* was applied and he was instructed to make payments as ordered. <u>He failed to make a payment and submit an MRF with proof of wages, in January, 2018.</u>

In an effort to assist Mr. Hardwick in making regular monthly payments, on February 12, 2018, this officer reached out to the SD/GA requesting Mr. Hardwick's monthly payments be reduced from $400.00 to at least $100.00 per month. On <u>February 19, 2018, Mr. Hardwick's conditions</u>

PETITION FOR SUMMONS
FOR OFFENDER UNDER SUPERVISION
RE: Tory Hardwick                                                                                         Docket
                                                   Number: 1:1-CR-147-001

were modified to reduce his minimum payments to at least $100.00 per month. Judge William T. Moore, Jr., United States District Judge, *hand wrote a note on the modification that he be notified if Mr. Hardwick fails to make a single payment.*

During a financial investigation on March 6, 2018, it was revealed that Mr. Hardwick was in non-compliance with his restitution payments. Additionally, a Credit Bureau Report revealed that he obtained new credit and attempted to obtain additional credit without permission from the probation officer or the Court.

During a non-compliance meeting on March 12, 2018, Mr. Hardwick claimed that he had not been told he could not obtain new credit or that he had to submit MRFs. However, he had submitted an MRF in February, 2018. Additionally, Mr. Hardwick signed his conditions on September 19, 2017 that the conditions had been read to him and he received a copy. He admitted to obtaining new credit in the amount of $500.00 to "build up his credit" and $13,000.00 to purchase a car. Mr. Hardwick was given a Verbal Reprimand and Instructions to comply with his conditions of supervision, not to obtain any new credit, submit MRFs with wages by the 5th of each month, and pay at least $100.00 per month restitution. He was reminded of his restitution payments during a home contact on March 13, 2018 and again on April 4, 2018.

After his non-compliance meeting on March 12, 2018 where Mr. Hardwick was instructed not to obtain any new credit, he obtained credit for $471.00 on March 23, 2018.

Mr. Hardwick made restitution payments in March, April, May and June, 2018.

During a home contact on July 10, 2018, Mr. Hardwick stated he was current on his restitution payments. He was reminded that the judge specifically stated if he misses any payments, he is to be notified. Mr. Hardwick failed to make a payment in July, 2018.

On July 16, 2018, a Financial Statement was mailed to Mr. Hardwick with instructions to complete and submit by August 5, 2018. Mr. Hardwick failed to submit the documents as instructed. On August 14, 2018, a voice mail was left for Mr. Hardwick to submit the financial statement by August 17, 2018. He failed to comply. On August 20, 2018, another financial statement was mailed to Mr. Hardwick with instructions to submit by September 5, 2018. Mr. Hardwick complied.

Mr. Hardwick failed to submit his August, 2018 MRF. A letter was mailed instructing him to submit the MRF and wages.

During a home contact on October 27, 2018, Mr. Hardwick was reminded again that he must make regular monthly payments. Over the next few months, Mr. Hardwick would miss a payment, but would make it up eventually.

PETITION FOR SUMMONS
FOR OFFENDER UNDER SUPERVISION
RE: Tory Hardwick  Docket
Number: 1:1-CR-147-001

Mr. Hardwick <u>failed to submit an MRF for October and December, 2018</u>.

On January 14, 2019, a Credit Bureau Report revealed <u>numerous inquiries in an attempt to obtain new credit</u> since June, 2018. A letter was mailed to Mr. Hardwick instructing him to provide an updated Financial Statement, 2018 income tax documents and a written statement regarding the inquires by February 5, 2019. <u>Mr. Hardwick failed to submit the requested documents</u>.

Mr. Hardwick <u>failed to submit an MRF for February 2019.</u>

During a home contact on March 7, 2019, Mr. Hardwick's mother stated that he was at work and working first shift. She confirmed that he was still living in the residence. This officer asked that she have Mr. Hardwick contact this officer regarding the financial documentation he has not returned. <u>Mr. Hardwick failed to contact this officer as instructed</u>. This officer contacted Mr. Hardwick on March 8, 2019. Mr. Hardwick stated he did not receive the financial documents. Additionally, he reported he had been fired from his job approximately one month ago. *Mr. Hardwick's mother informed this officer the day before he was still working.* Additionally, Mr. Hardwick <u>failed to notify this officer of his change in employment</u> status. He was instructed to report to the office on March 11, 2019.

During a <u>non-compliance</u> meeting with Mr. Hardwick on March 11, 2019, he admitted that his mother had lied to this officer regarding his employment. He stated he was fired the first week of February for sleeping on the job. Additionally, Mr. Hardwick admitted he has moved in with his girlfriend and is no longer living with his mother. Mr. Hardwick was given a financial statement and inquiries statement to complete and have ready at a scheduled home contact on March 11, 2019. Additionally he was instructed to provide his 2018 income tax documentation. <u>Mr. Hardwick failed to make a payment in February</u>. He was given until April 1, 2019 to get caught up on his payments, including Aprils payment, or the ND/GA would be notified.

Mr. Hardwick <u>failed to have his financial documents ready</u> at the home contact on March 14, 2019. He was instructed to report to the office on March 18, 2019 with the completed documents. Mr. Hardwick reported as instructed, but <u>failed to provide all the requested financial documents</u>. Specifically, the statement regarding Credit Bureau Inquiries. He was scheduled for an office contact on Monday, April 1, 2019. He was provided this officer's business card with the day, date and time written on the back. Additionally, this officer read him the reporting instructions.

Mr. Hardwick <u>failed to make his February, March and April payments</u> by April 1, 2019 as instructed. Additionally, he <u>failed to submit MRFs for March, 2019</u>

During a Credit Bureau review on April 1, 2019, it was revealed that Mr. Hardwick had <u>44 inquiries for new credit</u> in the last 24 months. Eight of which were since January, 2019. On February 1, 2019, Mr. Hardwick opened a new account at Flagship Credit for $13,776.00. Mr. Hardwick failed to obtain permission to obtain any new credit.

PROB12C(REVOKE) - 1/2007

PETITION FOR SUMMONS
FOR OFFENDER UNDER SUPERVISION
RE: Tory Hardwick                                                                Docket
                          Number: 1:1-CR-147-001

Mr. Hardwick <u>failed to report for his scheduled office contact on April 1, 2019.</u> This officer contacted him. When inquired why he did not report as scheduled, he told this officer he was scheduled for April 5, 2019. This officer explained that this officer will not be in the office on that date. Mr. Hardwick then said it was scheduled for April 4, 2019. This officer explained that the 4th was a scheduled field day, so that was not correct. He was instructed to report to the office on April 3, 2019 at 9:00 a.m. with his financial documents. The reporting instructions were repeated three times. <u>Mr. Hardwick reported an hour and one-half late</u> for his appointment on April 3, 2019. When questioned, he stated "a time was never established." Additionally, he <u>failed to provide the requested financial documents</u>. Mr. Hardwick reported that he had been working for a week or two, but did not have the needed information regarding his employment. He was reminded that he was supposed to call immediately with any and all changes. During the contact, Mr. Hardwick admitted to <u>obtaining a loan from Advance America in February for $1,500.00.</u> Mr. Hardwick was instructed to pay $300.00 by Friday or the SD/GA would be notified. He was reminded he was ordered to pay monthly and the Court was supposed to be notified each month he did not make a payment. Additionally, he was told he needs to maintain stable employment, notify this officer of any and all changes, make regular monthly payments in the amount of $100.00, not obtain any new or use existing credit and provide all requested financial documents.

On April 5, 2019, Mr. Hardwick left a voice mail stating he made his restitution payment. On April 29, 2019, the Financial Litigation Unit (FLU) in the SD/GA confirmed that Mr. Hardwick had <u>not made a payment in April</u>. Additionally, they confirmed Mr. Hardwick has not made a payment since January, 2019. On that same date, the ND/GA was notified of all the violations.

On April 30, 2019, this officer left Mr. Hardwick a voice mail instructing him to be home for a home contact on May 4, 2019. <u>Mr. Hardwick was not home for the scheduled contact</u>.

On May 13, 2019, the SD/GA probation office advised that they would not be taking any action on the reported violations. This officer requested transfer of jurisdiction on that same date.

On May 13th this officer left Mr. Hardwick a message reminding him he needs to submit his employer's name, address and work hours. Mr. Hardwick later left a message that he works from 7:30 a.m. until 3:30 p.m. This officer mapped the distance from his residence to his employment which was 10 minutes. A voice mail was left for Mr. Hardwick on May 14, 2019 instructing him to be home for a home contact the next day around 4:00 - 4:30 p.m. A home contact was conducted at 4:30 p.m. <u>Mr. Hardwick was not home as instructed</u>. Attempts to work around his work schedule have been unsuccessful.

Mr. Hardwick <u>failed to submit his April, 2019 MRF</u>. A letter was mailed on May 20, 2019, instructing him to submit his report with wages.

During a home contact on May 29, 2019, Mr. Hardwick reported he has changed jobs again. He was reminded again that he needs to notify this officer immediately of any changes. Mr.

PROB12C(REVOKE) - 1/2007

PETITION FOR SUMMONS
FOR OFFENDER UNDER SUPERVISION
RE: Tory Hardwick                                                                Docket
                                    Number: 1:1-CR-147-001

Hardwick was reminded again that he needs to make regular monthly restitution payments. Mr. Hardwick <u>failed to submit his May, 2019 MRF.</u>

Mr. Hardwick was reminded again during a home contact on July 13, 2019, that he must submit his MRF, with wages, by the 5th of each month. On July 15, 2019, a letter was mailed to Mr. Hardwick instructing him that he failed to submit his June, 2019 MRF and wages and to submit them immediately.

A financial investigation was completed on July 19, 2019. Mr. Hardwick's last restitution payment was made in May, 2019. He had <u>not made a payment for June or July, 2019</u>. On July 22, 2019, a letter was mailed to Mr. Hardwick stating that he has not been making payments as ordered and that he was in non-compliance. An updated Payment Agreement was enclosed instructing Mr. Hardwick that beginning September 1, 2019, he was to pay no less than $150.00 per month. Additionally, a list of the inquiries from his latest Credit Bureau Report was enclosed with instructions to explain the purpose for the inquiries without obtaining prior permission. He was instructed to submit the completed documents by August 5, 2019. <u>Mr. Hardwick failed to submit the requested documents</u>.

Mr. Hardwick <u>failed to submit his June, 2019 MRF</u>. United States Probation Officer Tech, Brent Basham, contacted Mr. Hardwick regarding his MRF. Mr. Hardwick informed him that he would bring the report by on August 21, 2019 after court for a no insurance citation. <u>Mr. Hardwick failed to notify this officer of the law enforcement contact</u>.

Mr. Basham entered an employment change in September which was reported by Mr. Hardwick on his MRF. Mr. Hardwick <u>failed to notify this officer of a change in employment</u>.

Mr. Hardwick <u>failed to submit his August, 2019 MRF</u>. On September 20, 2019, Mr. Basham contacted Mr. Hardwick instructing him to submit his August, 2019 MRF.

During a financial investigation on October 1, 2019, it was noted that Mr. Hardwick failed to make a payment in August. However, he did catch up in September.

During a home contact on October 27, 2019, Mr. Hardwick was given another copy of the financial letter and Payment Agreement. He was reminded he must get prior permission to obtain new or use existing credit. Additionally, he was reminded he is to pay $150.00 per month effective September 1, 2019. Mr. Hardwick was informed that some type of sanction will be received for continued violations. He was told that his case was in the process of being transferred to the Eastern District of Tennessee. Therefore, violations would be addressed by this probation office and the presiding judge in this district.

On November 10, 2019, Mr. Basham entered new employment from Mr. Hardwick's MRF. Mr. Hardwick <u>failed to notify this officer of the change</u>.

PROB12C(REVOKE) - 1/2007

PETITION FOR SUMMONS
FOR OFFENDER UNDER SUPERVISION
RE: Tory Hardwick                                                              **Docket**
                              **Number: 1:1-CR-147-001**

Transfer of jurisdiction to the Eastern District of Tennessee, Chattanooga, was effective November 14, 2019.

Mr. Hardwick failed to submit his October, 2019 MRF. Mr. Basham contacted Mr. Hardwick on November 18, 2019 instructing him to submit his October, 2019 MRF and wages.

On December 6, 2019, a financial investigation revealed Mr. Hardwick is still not making regular monthly payments. He failed to make a payment in October, 2019.

Mr. Basham mailed Mr. Hardwick a financial statement with instructions to complete and return no later than February 5, 2019.

A financial investigation was conducted on January 13, 2020. Mr. Hardwick failed to make a payment in December, 2019 and January, 2020.

Mr. Hardwick failed to submit his December, 2019 MRF. On January 22, 220, Mr. Basham contacted Mr. Hardwick and instructed him to submit his December, 2019 MRF.

On January 14, 2020, a home contact was conducted. Mr. Hardwick reported that he has changed jobs again. He was given a Verbal Reprimand, and the following instructions: 1) call this officer with any and all changes, specifically regarding employment, 2) make regular monthly payments and 3) submit a complete MRF, with wages, by the 5th of each month. Failure to do so will result in monthly reporting and possibly a sanction.

Mr. Hardwick was arrested on January 28, 2020. Details are listed below in Violation #7. This officer contacted Mr. Hardwick on January 29, 2020 and instructed him to report, with all of his documents, on February 3, 2020.

On January 30, 2020, Mr. Hardwick was mailed a PCRA Questionnaire with instructions to complete and return within 5 days.

Mr. Hardwick failed to submit his January, 2020 MRF.

Mr. Hardwick failed to have his completed PCRA Questionnaire, MRFs, wages or financial statement at his scheduled office contact on February 3, 2020. He had the blank questionnaire with him. After the office contact, Mr. Hardwick was escorted to the lobby by this officer, instructed to complete the questionnaire and slide it under the window once complete. This officer witnessed Mr. Hardwick immediately exit the lobby without any comment and without completing the questionnaire as instructed. The documents have not been received as of this writing.

On February 5, 2020, Mr. Basham mailed a letter instructing Mr. Hardwick to submit his January, 2020 MRF.

PROB12C(REVOKE) - 1/2007

Mr. Hardwick has failed to submit Monthly Report Forms and proof of wages for the following months: October, November, and December, 2017; January, October and December, 2018; February, March, April, May and June, 2019, August, 2019, October, 2019 and January, 2020.

      7        **General Condition:** The defendant shall not commit a federal, state or local crime.

On January 28, 2020, Mr. Hardwick was arrested by the Hamilton County Sheriff's Department for 3 counts of Fraudulent Use of Credit or Debit Card, Hamilton County General Sessions Court, Docket Numbers: 1780424, 1780425 and 1780426. His next court date is April 23, 2020.

According to the police report, Matt McElhaney, the owner of Highway Environmental, advised that Mr. Hardwick, a former employee, had been using a company issued WEX card for personal use. Mr. McElhaney reported he used the card on September 11, 2019, at a Speedway gas station for $27.85. Police obtained video footage of Mr. Hardwick using the WEX card at another location on September 16, 2019.

During a non-compliance meeting with Mr. Hardwick on February 3, 2020, he admitted to using the credit card after he was no longer employed by the company. He stated that he used the card on three separate occasions because he felt like he was "done wrong" at the job and that he has not received his last pay check.

In an effort to avoid revocation, Mr. Hardwick was offered to serve weekends in jail. He stated "I cannot do weekends in jail" and "I don't have time to do weekends." This officer explained that if he refused to the modification, a Summons would be requested and he could face revocation and a sentence of three (3) to nine (9) months, or possibly be up to two (2) years imprisonment. Mr. Hardwick was offered the modification three more times, but he denied the offer and requested a hearing. He was told that a Summons will be served on him at his office contact scheduled for Monday, March 2, 2020.

As evidenced above, Mr. Hardwick has failed to make regular monthly payments. As of this writing, he is $1,500.00 behind on ordered restitution payments. Additionally, Mr. Hardwick has failed to maintain stable employment and notify this officer of changes in his employment status. Since his release to supervision, Mr. Hardwick has failed to submit requested financial documents and Monthly Report Forms with proof of wages as instructed. He continues to ignore instructions by this officer. He has been afforded numerous opportunities to avoid revocation. He has had several non-compliance meetings and obtained numerous verbal reprimands and instructions. This officer petitioned the Court in the ND/GA in an attempt to assist Mr. Hardwick in reducing the ordered monthly restitution payments. While on supervision for a financial case, Mr., Hardwick has been arrested and charged with new financial crimes. Additionally, he was offered a modification of weekends in jail versus a revocation, but he denied the offer and requested a hearing. Mr. Hardwick's attitude towards supervision is

PETITION FOR SUMMONS
FOR OFFENDER UNDER SUPERVISION
RE: Tory Hardwick                                                      Docket
                              Number: 1:1-CR-147-001

lackadaisical. He is unmotivated to change and refuses to comply with instructions of the probation officer and orders of the court.

**Petitioning the Court to order:**

That a Summons be issued and the defendant be ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 11, 2020.

                                                          Respectfully submitted,

                                                          Sladjauna D. Hays
                                                          U. S. Probation Officer

APPROVED:

_____          _____
Crystal L. Johnson                                    Date
Supervising U.S. Probation Officer

SDH:jdb

---

**ORDER OF COURT:**

A Summons is to be issued and the defendant is ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked.

So ordered.

**ENTER.**

                                                          Travis R. McDonough
                                                          United States District Judge

PROB12C(REVOKE) - 1/2007